UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MILO HICKS,

    Petitioner,

vs.

DWIGHT NEVEN , *et al.*,

    Respondents.

Case No. 2:13-cv-01650-RFB-CWH

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court are the following motions: (1) respondents' motion to dismiss the petition (ECF No. 7); (2) petitioner's motion to file an amended petition (ECF No. 13); (3) petitioner's motion for the appointment of counsel (ECF No. 14); and (4) petitioner's motion to file a sur-reply (ECF No. 16).

**I. Procedural History**

Petitioner was charged in the Eighth Judicial District Court for the State of Nevada with the following: (1) burglary while in possession of a firearm; (2) conspiracy to commit robbery; (3) three counts of robbery with the use of a deadly weapon; and (4) two counts of battery with the use of a deadly weapon. Exhibits 2 & 3.[1]  Jury trial was held August 16, 2007, August 17, 2007, and August 20, 2007. Exhibits 4, 5, 6. The jury found petitioner guilty of all charges. Exhibit 9. The judgment of conviction was filed on November 8, 2007. Exhibit 13.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 8.

Petitioner filed an untimely notice of appeal on December 11, 2007. Exhibit 14. The Nevada Supreme Court dismissed the appeal as untimely by order filed March 7, 2008, in Case No. 50722. Exhibit 17. Remittitur issued on May 20, 2008. Exhibit 18.

On September 22, 2008, petitioner filed a *pro per* post-conviction petition for a writ of habeas corpus in the state district court. Exhibit 19. Also on September 2, 2008, petitioner filed a memorandum of points and authorities in support of his state petition. Exhibit 20. On June 5, 2009, petitioner filed a counseled post-conviction petition for a writ of habeas corpus in the state district court. Exhibit 22. On October 7, 2009, the state district court held a hearing on the petitions. Exhibit 24. In an order filed December 2, 2009, the state district court, construing the petitions as filed pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), denied the petitions. Exhibit 25. Petitioner's counsel filed a timely notice of appeal on November 5, 2009. Exhibit 26. On July 15, 2010, in Case No. 54904, the Nevada Supreme Court affirmed the state district court's denial of the *Lozada* petitions. Exhibit 29. Remittitur issued on August 10, 2010. Exhibit 30.

On April 2, 2010, petitioner, acting in *pro per*, filed his second post-conviction habeas petition in the state district court. Exhibit 31. The second post-conviction habeas petition alleged, *inter alia*, that petitioner's counsel for the *Lozada* petition was ineffective. *Id.* On April 30, 2010, petitioner filed a supplement to his second post-conviction habeas petition. Exhibit 32. On August 20, 2010, the state district court denied petitioner's second post-conviction habeas petition as untimely and successive. Exhibit 35. Petitioner filed a timely *pro per* notice of appeal on July 26, 2010. Exhibit 36. On April 6, 2011, in Case No. 56486, the Nevada Supreme Court reversed and remanded the state district court's decision. Exhibit 37. The Nevada Supreme Court ruled that petitioner's claims of ineffective assistance of *Lozada* counsel should have been addressed as a claim of ineffective assistance of appellate counsel. *Id.* Remittitur issued on May 3, 2011. Exhibit 38.

On October 4, 2011, petitioner's appointed counsel filed a supplemental petition asserting that petitioner's *Lozada* counsel was ineffective. Exhibit 40. On May 8, 2012, petitioner's counsel filed a second supplemental petition. Exhibit 46. Two evidentiary hearings were held in the state district court. The April 12, 2012 evidentiary hearing involved trial counsel Jonathan MacArthur. Exhibit 47. The May 24, 2012 evidentiary hearing concerned *Lozada* counsel Richard Tannery. Exhibit 48. At a

hearing on June 13, 2012, the matters were argued and submitted. Exhibit 49. By written order filed July 31, 2012, the state district court denied the petitions regarding ineffective assistance of *Lozada* counsel. Exhibit 50. Petitioner filed a timely notice of appeal. Exhibit 51. On April 10, 2013, in Case No. 61656, the Nevada Supreme Court affirmed the state district court's denial of the petitions regarding ineffective assistance of *Lozada* counsel. Exhibit 55. Remittitur issued on May 8, 2013. Exhibit 56.

Petitioner dispatched (gave to prison officials for mailing) his federal habeas petition to this Court on September 6, 2013. (ECF No. 4, at p. 1, item 5). By order filed January 31, 2014, this Court granted petitioner's application for leave to proceed *in forma pauperis*, denied petitioner's motion for the appointment of counsel, and directed respondents to file a response to the petition. (ECF No. 5). Respondents have filed the instant motion to dismiss the petition. (ECF No. 7). Petitioner has filed a response to the motion to dismiss and motion for leave to file an amended petition. (ECF Nos. 12 & 13). Respondents have filed a reply to petitioner's response and an opposition to petitioner's motion for leave to file an amended petition. (ECF No. 15). Petitioner has filed a motion for leave to file a sur-reply. (ECF No. 16).

**II. Discussion**

    **A. Petitioner's Motions**

After the filing of respondents' motion to dismiss, petitioner filed a renewed motion seeking the appointment of counsel. (ECF No. 14). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As determined in this Court's order of January 31, 2014, the petition is well-written and sufficiently clear in presenting the claims that petitioner wishes to bring. (ECF No. 5). Petitioner's filings in this proceeding – which include typed or word-processed documents containing legal citations and coherent arguments – belie petitioner's contention that he is unable to

articulate issues and litigate this case. Nothing in petitioner's renewed motion for counsel causes this Court to change its ruling that the appointment of counsel is unwarranted in this case. Petitioner's renewed motion for the appointment of counsel is denied.

Petitioner has filed a motion for leave to amend his petition. (ECF No. 13). Rule 15(a)(1) of the Federal Rules of Civil Procedure provides as follows:  A party may amend his pleading once as a matter of course within twenty one days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely given leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  In the instant case, respondents oppose petitioner's motion to amend. (ECF No. 15, at p. 4). As explained within this order, *infra*, the Court finds that the federal habeas petition is untimely. Any proposed amended petition would relate back to the untimely original petition and would be subject to dismissal. As such, amendment of the petition would be futile. Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Because amendment of the untimely petition would be futile, petitioner's motion for leave to amend is denied.

Finally, petitioner has filed a motion for leave to file a sur-reply to respondents' reply regarding the motion to dismiss. (ECF No. 16). Rule 7-2 of the Local Rules of Civil Practice does not contemplate the filing of a sur-reply in motion practice. Petitioner's motion for leave to file a sur-reply is denied.

**B. Respondents' Motion to Dismiss**

Respondents argue that the federal habeas petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Unless a claim is entitled to delayed accrual under 28 U.S.C. § 2244(d)(1)(B)-(D), the starting date for the AEDPA statute of limitations is based on the finality of the judgment of conviction under 28 U.S.C. § 2244(d)(1)(A). *See Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012). When a petitioner

does not pursue state appellate remedies, his conviction is considered final upon the expiration of time for him to pursue state remedies. *Gonzalez v. Thaler*, 132 S.Ct. 641, 647 (2012). Where a Nevada criminal defendant does not pursue a direct appeal, his judgment is final under 28 U.S.C. § 2244(d)(1)(A) when the time for him to file a direct appeal expires under Nevada R. App. P. 4(b)(1)(A), which is thirty days after the entry of the judgment of conviction.

Petitioner's judgment of conviction was filed on November 8, 2007. (Exhibit 13). Petitioner's notice of appeal was untimely and the appeal was dismissed by the Nevada Supreme Court for that reason. (Exhibits 14 & 17). Petitioner's conviction became final thirty days after the judgment of conviction was filed, on December 8, 2007, when the time for seeking direct review expired. Nev. R. App. P. 4(b)(1)(A). From that point until petitioner filed his first post-conviction habeas petition in the state district court on September 22, 2008, 289 days of untolled time elapsed. The AEDPA limitations period was tolled while the September 22, 2008 petition and additional petitions were pending before the state courts. Remittitur from the appeal of the last properly-filed post-conviction petition was issued on May 23, 2013. (Exhibit 56). When petitioner mailed the instant federal petition on September 6, 2013, 106 more untolled days had passed since the issuance of remittitur by the Nevada Supreme Court.[2] A total of 395 untolled days passed between expiration of the time for seeking direct review and mailing the federal petition. The federal petition was filed 30 days past the expiration of the one-year AEDPA statute of limitations deadline.

In his opposition to the motion to dismiss, petitioner argues that the finality of his judgment of conviction should be based on the conclusion of his *Lozada* state habeas appeal pursuant to *Jimenez v. Quarterman*, 531 U.S. 113 (2009), because the Nevada courts permitted petitioner to pursue direct appeal claims through a *Lozada* petition. In *Lozada v. State*, the Nevada Supreme Court held that it did not have jurisdiction to conduct a delayed appeal because a procedural mechanism for such a proceeding

---

[2] The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on September 6, 2013. (ECF No. 4, at p. 1, item 5). This Court deems the petitioner's federal petition to be filed September 6, 2013. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).

-5-

did not exist under Nevada law. *Lozada*, 871 P.3d at 946. The Nevada Supreme Court held that if a petitioner could establish a meritorious claim that counsel was ineffective for failing to file a timely notice of appeal, he would be allowed to raise in a state habeas petition any issues which he could have raised on direct appeal. *Id.* at 950.

In *Jiminez v. Quarterman*, 555 U.S. 113, 119-121 (2009), the United States Supreme Court concluded that, if a state court restores a defendant's appellate rights by restoring the pendency of an untimely direct appeal, the AEDPA's one-year statute of limitations does not begin to run under 28 U.S.C. § 2244(d)(1)(A) until the conclusion of the out-of-time direct appeal, which includes the expiration of time for seeking certiorari review of that appeal. Petitioner asserts that his *Lozada* petition is the same as, or the functional equivalent of, a re-opened direct appeal. Petitioner asserts that because he availed himself of the *Lozada* remedy, which he asserts is the same as a direct appeal, the one-year AEDPA statute of limitations should not begin to run until the conclusion of the *Lozada* proceedings.

In *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), *cert. denied, Randle v. Skolnik*, 131 S.Ct. 474 (2010), the Ninth Circuit rejected the same argument that petitioner asserts in his opposition. In *Randle v. Crawford*, a Nevada petitioner argued that his *Lozada* proceeding altered the date of finality of his conviction under 28 U.S.C. § 2244(d)(1)(A), citing to *Jimenez*, because the *Lozada* procedure "is equivalent to a decision on an out-of-time direct appeal." *Randle*, 604 F.3d at 1056. The Ninth Circuit rejected the petitioner's argument, as follows:

> [U]nlike *Jimenez*, the Nevada Supreme Court never granted Randle leave to file an out-of-time direct appeal. Rather, the state supreme court explicitly stated that an untimely direct appeal was foreclosed by state rules, and that "[a]n untimely notice of appeal failed to vest jurisdiction in this court." At no point did the Nevada Supreme Court "restor[e] the pendency of the direct appeal," nor was "petitioner's conviction . . . again capable of modification through direct appeal to the state courts and to [the Supreme Court] on certiorari review." *Jimenez*, 129 S.Ct. at 686.

*Randle*, 604 F.3d 1056-57 (internal citations omitted). The Ninth Circuit further noted that "[a]lthough Randle was entitled to present, pursuant to *Lozada*, the arguments that he would have presented on direct appeal in his state postconviction relief proceeding, *his direct appeal was not, and could not be, reinstated*." *Id.* at 1057 (emphasis added). In *Randle*, the Ninth Circuit distinguished the *Jimenez* case

because the Texas appellate rules at issue in *Jimenez*, unlike Nevada's *Lozada* procedure, allowed the state courts to re-open or restore the pendency of direct appeals. *Id.*

In *Randle*, the Ninth Circuit concluded that *Jimenez* did not apply to *Lozada* proceedings in Nevada state courts. *Id.* Similarly, in the instant case, although the Nevada state courts allowed petitioner to present direct appeal arguments in a *Lozada* petition, petitioner fails to establish that the Nevada courts restored the pendency of his direct appeal, a condition that the Ninth Circuit in *Randle v. Crawford* recognized could not happen in light of the Nevada Supreme Court's holding in *Lozada*. *See Randle*, 604 F.3d 1056-57. This Court is bound by the Ninth Circuit's decision in *Randle v. Crawford* regarding the effect that Nevada's *Lozada* remedy has on the AEDPA statute of limitations. The Court rejects petitioner's assertion that the rule announced in *Randle v. Crawford* can be disregarded.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that an extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

. . .

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's renewed motion for the appointment of counsel (ECF No. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to amend the petition (ECF No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to file a sur-reply (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that the federal habeas petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

. . .

. . .

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 29th day of May, 2015.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**